UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 07-53-DLB

BETHANY THACKER                                                                                    PLAINTIFF

vs.                          **MEMORANDUM OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                                 DEFENDANT

* * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Bethany Thacker first filed an application for Supplemental Security Income (SSI) payments on August 10, 1999. (Tr. 85-87, 392). Her claim was denied initially and upon reconsideration. At Plaintiff's request, an administrative hearing was conducted on July 5, 2000, by Administrative Law Judge (ALJ) Charlie Paul Andrus. (Tr. 47-53). On September 25, 2000, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI payments. (Tr. 14-19, 392, 430-35). Plaintiff then filed an action in this Court, and, on August 8, 2002, the Court upheld the determination. (Doc. #10-3). The Sixth Circuit subsequently affirmed the Commissioner's decision on May 21, 2004. *Thacker v. Comm'r of Social Security*, 99 Fed. Appx. 661 (6th Cir. 2004).

1

Plaintiff filed a second application for SSI payments on October 13, 2000. (Tr. 284-87, 392). Her application was denied initially and upon reconsideration. At Plaintiff's request, an administrative hearing was conducted on April 18, 2002, by ALJ Don C. Paris. (Tr. 234-62). On July 28, 2002, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI payments. (Tr. 219-27, 392, 418-26). The Appeals Council denied Plaintiff's request for review. (Tr. 208-10). Plaintiff then filed an action in this Court, and, on December 7, 2005, the Court upheld the determination. (Doc. #10-2).

Plaintiff filed a third application for SSI payments on July 12, 2002. (Tr. 486-90). Plaintiff alleges she became unable to work on August 1, 1999. (Tr. 486, 496). She alleges disability due to back pain, diabetes, nerve problems, anxiety, depression, and childhood trauma. (Tr. 505). Her application was denied initially and upon reconsideration. At Plaintiff's request an administrative hearing was conducted on February 7, 2005, by ALJ Andrew J. Chwalibog. (Tr. 718-38). On October 25, 2005, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI payments. (Tr. 392-98). This decision became the final decision of the Commissioner when the Appeals Council denied review on February 7, 2007. (Tr. 382-84).

On March 21, 2007, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication. (Doc. #9, 10).

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards.

2

*See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that claimant has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 394). At Step 2, the ALJ found Plaintiff's back pathology aggravated by obesity, diabetes, and depression to be severe impairments within the meaning of the regulations. (Tr. 394-95). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one

listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 395-96).  At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform medium level work with the additional following restrictions:

> She should only occasionally balance, stoop, crouch, crawl, and kneel.  She should never climb ladders or scaffolds.  She is moderately limited in her ability to: maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and respond appropriately to changes in the work setting.  She is able to understand, remember and carry out simple routine tasks, relate adequately in an object focused setting, tolerate moderate workplace changes and pressures.

(Tr. 396).  Plaintiff had no past relevant work to be considered by the ALJ. (Tr. 397).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation.  At Step 5, the ALJ found that, there were a significant number of jobs available to Plaintiff in the national and regional economies, despite her limitations. (Tr. 397-98).  This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (31-33 years of age and so a "younger individual"), education (seventh grade), work experience (none), and RFC. (Tr. 397, 734).  The VE testified that Plaintiff could work as a dishwasher, laundry worker, and custodian cleaner at the medium level; as a kitchen helper, custodian, and hospital cleaner at the light level; or as an assembler, hand packer, and food preparer at the sedentary level. (Tr. 398). Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 398).

**C. Analysis**

Plaintiff raises a single challenge in her appeal. Plaintiff claims that the ALJ erred by failing to recontact Nurse Practitioner Roberta Tackett to determine whether additional information was available. (Doc. #9-2). In support of its contention that the ALJ erred by failing to recontact Ms. Tackett, Plaintiff cites 20 C.F.R. § 416.912(e)(1). This regulation provides in pertinent part:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

(*Id.*) (emphasis added).[1]

The record includes a Medical Assessment of Ability to do Work-Related Activities (Mental) completed by Ms. Tackett. (Tr. 563-65). Ms. Tackett assessed Plaintiff as having a "poor" ability to deal with the public; use judgment; deal with work stresses; maintain attention/concentration; understand, remember, and carry out complex job instructions; behave in an emotionally stable manner; and relate predictably in social situations. (Tr.

---

[1] Defendant argues that the ALJ does not have a duty to recontact nurse practitioners or other sources who are not "acceptable medical sources" pursuant to 20 C.F.R. § 416.913(a). For her part, Plaintiff points out that the relevant regulation states that "[w]e will first recontact your treating physician or psychologist or *other medical source*" and makes no reference to *acceptable* medical sources. 20 C.F.R. § 416.912(e)(1) (emphasis added).

564-65). At the hearing, the ALJ first posed a hypothetical to the VE, which asked the VE to take into consideration an individual with the RFC that was adopted by the ALJ. (Tr. 734-35). Then, the ALJ posed a second hypothetical, which asked the VE to assume someone with the limitations set forth in Ms. Tackett's assessment. (Tr. 736). In response to this second hypothetical, the VE testified that these limitations "would render her incapable for full-time competitive employment." (Tr. 736). In his decision, the ALJ rejected Ms. Tackett's assessment, stating:

> As for the opinion evidence, I noted the mental assessment submitted by Roberta Tackett, a nurse practitioner...I rejected this assessment as she is not a doctor and there was no basis or notes provided to support such limitations. I afforded more weight to the prior hearing decision findings and the State Agency medical consultants' assessments.

(Tr. 397).

As a nurse practitioner, Ms. Tackett is not considered an acceptable medical source under 20 C.F.R. § 416.913(a) for purposes of establishing Plaintiff's medically determinable impairments. Plaintiff does not dispute that Tackett fails to qualify as an acceptable medical source capable of providing such opinion evidence. Even though the ALJ *may* look to evidence from sources other than acceptable medical ones, the ALJ is not required to do so. *See* 20 C.F.R. § 416.913(d). By regulation, only acceptable medical sources can serve as reliable evidence to establish medically determinable impairments. Evidence from other sources, including non-acceptable medical sources such as nurse practitioners, can be used by an ALJ to gauge the severity of impairments and how they affect a claimant's ability to work. However, under current regulations, the ALJ is given discretion to determine the appropriate weight that is given to such non-acceptable medical sources. *See Walters v. Comm'r of Social Security*, 127 F.3d 525, 530 (6th Cir. 1997).

The record does contain mental assessments from acceptable medical sources offered by the Commissioner, which were relied upon by the ALJ in making his disability determination. (Tr. 397 ("I afforded more weight to the prior hearing decision findings and the State Agency medical consultants' assessments.")). For instance, the record contains the psychiatric review technique forms and RFC assessments of psychologists Edward M. Stodola and Lea Jean Perritt. (Tr. 566-84, 661-79). Dr. Stodola noted that Plaintiff's allegations of "discrete mental limitations are found partially credible and not of disabling severity." (Tr. 583). Dr. Perritt found that Plaintiff was no more than "moderately limited" in any single mental activity. (Tr. 676). The ALJ was within his discretion to rely upon the assessments provided by these acceptable medical sources in finding that Plaintiff is not disabled.

To the extent Ms. Tackett's assessment was of use in measuring the severity of Plaintiff's impairments and her ability to work, her conclusions are lacking in underlying supporting evidence and are contradicted by the reports of acceptable medical sources. Plaintiff offered only the form assessment of Ms. Tackett, without further elaboration or documentation of her clinical exposure to Plaintiff and what role, if any, she played in Plaintiff's care and treatment to support the conclusion set forth in her assessment. An ALJ is not bound by even an acceptable medical source's opinion if it is conclusory and unsupported by objective medical evidence. Information from "other sources" such as nurse practitioners like Ms. Tackett may be helpful to the ALJ. However, the ALJ was not bound by Ms. Tackett's opinions nor required to give them any weight where, as here, supporting evidence for such conclusions was absent. In summary, because the ALJ is not required to accept Ms. Tackett's findings, and the evidence provided by acceptable medical

sources indicates that Plaintiff is not disabled, Plaintiff's argument on appeal is without merit.

Furthermore, it is the inadequacy of the record which triggers the duty to recontact. *See Thompson v. Astrue*, No. 07-112, 2008 WL 89954, at *3 (E.D. Ky. Jan. 8, 2008); *Stephens v. Astrue*, No. 07-188, 2008 WL 80210, at *3 (E.D. Ky. Jan. 4, 2008). Here, the record is not inadequate, as substantial evidence in the record supports the ALJ's disability determination. Moreover, Ms. Tackett's mental assessment was not supported by evidence of record and was contradicted by evidence supplied by acceptable medical sources.

One further matter deserves comment. Plaintiff relies on *Littlepage v. Chater*, 134 F.3d 371, 1998 WL 24999 (6th Cir. 1998)(unpublished table decision), in support of her position that the ALJ erred by failing to recontact Ms. Tackett. Though unpublished, the Sixth Circuit's decision in *Littlepage*, supports the conclusion that the obligation to recontact a physician pursuant to 20 C.F.R. § 404.912(e) is not a bright-line requirement but rather is driven by the nature and extent of the overall record and the ALJ's consideration of that record. In this case, Plaintiff argues the ALJ should have recontacted a nurse practitioner rather than a treating physician. Moreover, the Court finds that substantial evidence of record supported the ALJ's disability determination.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 31st day of March, 2008.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-07-53-ThackerMOO.wpd